[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the substitute plaintiff, CTB Realty XXIV, Inc. (CTB), claims a permanent injunction and declaratory judgment from this court, seeking sole ownership of improvements made to a marina located at 533 Boston Post Road, Westbrook, Conn. The defendants, Free Spirit Marina, Thirty-Three Main Street, Inc. and Gary Dobrindt (collectively, Thirty-Three) deny the claims of CTB and assert ownership of the improvements which are the subject of this litigation, namely the floating docks installed by Thirty-Three at the commencement of its tenancy under a lease/option to purchase between Lewis Associates II (LAII) as lessor/seller and Thirty-Three as lessee/buyer.
Based upon the preponderance of the credible, relevant and legally admissible evidence the court finds, determines, concludes and rules as follows:
In December, 1988, LAII was the owner of a marina located at 533 Boston Post Road, Westbrook, Conn. However, the marina facility was in very poor condition. Its bath house, office, driveway, parking area docks and piers needed to be CT Page 2835 completely rehabilitated in order to bring the marina to its full capacity. Centerbank was the mortgagee of said premises.
LAII and Thirty-Three entered into a lease/purchase option agreement for the premises, which lease/option was formalized by a written agreement dated March 21, 1989.
According to said agreement, Thirty-Three had the option to purchase the premises for $1,871,500.00. Thirty-Three made an option payment of $450,000.00 which was to be credited to the purchase price upon closing. In addition to the payment of $450,000.00, Thirty-Three expended in excess of $400,000.00 in improving the facility including the addition of four feet of fill to the parking areas, installation of septic system, refurbishment of the bath/lavatory facilities, improvement to the office, ships store and the boat launch area, addition of rip-rap to the water-line perimeter of the marina, installation of new electric and water service to the marina.
In March of 1989, the existing floating docks and pilings on the premises were mostly in unuseable condition, some of the docks were under water and the marina could only accommodate twelve boats out of a working capacity of close to ninety (90). All float material was styrofoam, the use of which is now forbidden for environmental reasons. The docks had no running water or 110 electrical outlets for use of the boats. Said existing docks were of little or no value.
Subsequently, CTB gained possession of the premises upon Thirty-Three removal therefrom. Such possession occurred on or about July 1, 1993. Thirty-Three did not attempt to remove the floating docks because pursuant to this action a voluntary temporary restraining order is in place, enjoining Thirty-Three from removing said docks.
This case revolves around the construction this court makes of paragraphs 22.1 and 22.2 of the lease/option agreement between the parties.
Initially the court concludes that the floating docks are not realty but are in fact personal property. The court further concludes that in addition to being personalty, the floating docks are trade fixtures. We note that the floating docks are not part of any realty; they are capable of moving up and down with the tide; they are connected to pilings and to each other CT Page 2836 with hardware which is subject to being fastened and unfastened; they are subject to being moved around by being floated from place to place and they are subject to being removed from the water and being stored on the same premises or elsewhere.
The court having determined that the floating docks constitute trade fixtures rules that the provisions of paragraph 22.1 are applicable and that the floating docks are trade fixtures owned by Thirty-Three and are removable by it as its own property. See Merritt-Chapman Scott Corp. v. Mauro,171 Conn. 177 (1976).
Accordingly, judgment may enter for the defendants, Free Spirit Marina, Thirty-Three Main Street, Inc. and Gary Dobrindt against the plaintiff CBT Realty XXIV, Inc., that the floating docks located at 533 Boston Post Road, Westbrook, Conn. are the property of the defendants, who may remove same as their property, the temporary restraining order is vacated and the application for a permanent restraining order and declaratory judgment is denied.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk